IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM,

                Plaintiff,

v.                                                                         OPINION and ORDER

TONY EVERS, KEVIN CARR, WARDEN FOSTER,                19-cv-765-jdp
and RYAN RUEPPER,

                Defendant.

---

Plaintiff Terrance Grissom, appearing pro se, is an inmate at Waupun Correctional Institution. Grissom is a frequent litigator in this court (he has brought more than 80 cases here since 1990) who has "struck out" under 28 U.S.C. § 1915(g) and has been barred from filing new complaints in this court unless his allegations show that he is in imminent danger of serious physical injury. I also recently barred him from bringing claims for money damages as a sanction for his fabricating a notary certification in a court filing. *See* Dkt. 14 in case no. 18-cv-960-jdp.

Grissom initiated this case by filing a proposed order directing defendants (prison officials, the Department of Corrections secretary, and the Wisconsin governor) to show cause why the court should not enjoin prison staff from searching his cell and confiscating his mail and personal property. Dkt. 1. Grissom attaches a series of documents to the proposed order, including a letter stating that he is suffering medical problems from medication that a state court has ordered him to take. Dkt. 1-2.

Grissom's proposed order to show cause falls short of the pleading standards for a civil complaint; it does include any allegations showing how the named defendants have violated his rights. But Grissom has a more fundamental problem: he can't bring a lawsuit in this court

unless he alleges that he is in imminent danger of serious physical harm. The relief he seeks is about cell searches and his property and mail, but even if staff unlawfully searched his cell or took his property or mail, those deprivations do not meet the imminent-danger standard. Grissom mentions his court-ordered medication in an attached letter, but those allegations are not part of his pleading and he does not explain how any of the named defendants are involved with his medication. Additionally, his vague allegations about the medication are similar to those I have dismissed in previous cases he filed because he would not amend his complaints to explain who violated his rights. *See* Dkt. 14 in case no. 15-cv-705-jdp.

I will dismiss this case for Grissom's failure to plead facts showing that he is in imminent danger of serious physical harm. If Grissom wants to bring claims about his medication, he will have to submit a brand-new complaint that explains how he is being harmed and what prison officials are harming him.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED under 28 U.S.C. § 1915(g) and the terms of this court's sanctions.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered October 15, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge